IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MILTON ALLEN DEWBERRY, )
 )
      Plaintiff, )
 )
 )   CIV-14-592-W
v. )
 )
DEVIN WYATT, et al., )
 )
      Defendants. )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

A federal district court must conduct an initial review of all complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2).

After conducting an initial review, the court must dismiss an action or any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Complaint and Background

In his Complaint filed June 9, 2014, Plaintiff names the following Defendants: Devin Wyatt, who is identified as an Oklahoma City police officer, M. Morris, who is identified as an Oklahoma City police supervisor, and Oklahoma City Chief of Police William Citty. In his sole ground for relief, Plaintiff alleges that his Fifth and Fourteenth Amendment rights were violated "due to Okla Police Deptment [sic] arresting [Plaintiff] with no probable cause

2

for Burglary II." Complaint, at 3. As relief for the alleged constitutional deprivations, Plaintiff seeks monetary damages.

In support of Plaintiff's claim, Plaintiff contends in the Complaint that a surveillance video taken from a local business showed two men had entered the building but "did not take anything from the building" and that the owner of the business "advised that . . . nothing was missing" from the building. Complaint, at 2. Plaintiff alleges he was arrested on a burglary charge in May 2012 after a traffic stop based on descriptions of the individuals seen on the surveillance video. He alleges that after his arrest the arresting officer, Defendant Wyatt, "discovered a crow bar and large screwdriver between the driver's seat and door" in the car in which Plaintiff had been riding at the time of his arrest. He contends that his arrest was unlawful because Defendant Wyatt completed a probable cause affidavit concerning Plaintiff's arrest, and the affidavit did not include any statement or facts with regard to the element of intent to steal or commit any other felony, which he contends is a necessary element of the second degree burglary charge. Plaintiff alleges Defendant Wyatt presented the probable cause affidavit to his supervisor, Defendant Norris, who signed the affidavit, and Plaintiff alleges Defendant Citty "is the one who sets policies and procedures of the employees officer Devin Wyatt and Lt. Norris at the OKC Police Department."

Public records of the District Court of Oklahoma County reflect that Plaintiff was convicted of Burglary in the Second Degree after prior felony convictions in April 2013 and he was sentenced to a 29-year term of imprisonment for this habitual offender conviction. http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtyp

3

e=caseGeneral&casemasterID=2873123&db=Oklahoma.

III. Heck's Bar and Personal Participation

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court recognized that damages may not be recovered in a 42 U.S.C. § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 487. Thus, when a "§ 1983 claim is based on an allegedly unconstitutional conviction or other harm that, if determined to be unlawful, would render a conviction or sentence invalid, accrual is delayed until the conviction or sentence has been invalidated." McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011).

Plaintiff's contentions in the Complaint are that he was subjected to an unlawful arrest without probable cause because the arresting officer had no evidence that Plaintiff intended to commit a burglary or other felony inside the business and the probable cause affidavit submitted by the arresting officer was not sufficient to charge all of the elements of the offense.[1] This claim would, assuming it was true, necessarily imply the invalidity of his

---

[1] "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." Wilkins v. DeReyes, 528 F.3d 790, 801 (10th Cir. 2008)(internal quotation marks and citation omitted).

4

burglary conviction and sentence. Under Heck, Plaintiff's § 1983 claims against Defendants are precluded until his second degree burglary conviction has been invalidated. Wallace v. Kato, 549 U.S. 384 (2007)(explaining that Heck rule "delays what would otherwise be the accrual date of a tort action until the setting aside of *an extant conviction* which success in that tort action would impugn.")(emphasis in original). See Bryner v. Utah, 429 Fed. Appx. 739, 744 (10th Cir. 2011)(unpublished op.)(holding Heck applied to bar judicial review of claim of unlawful arrest where "the crimes for which [the plaintiff] was convicted *arose from* his interactions with the deputies that he now challenges").

Plaintiff has not demonstrated that his second degree burglary conviction has been invalidated. Therefore, judicial review of Plaintiff's cause of action is barred by Heck and should be dismissed without prejudice. See also Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").

Moreover, Plaintiff's claims against Defendant Citty fail to state a plausible § 1983 claim because he does not allege facts demonstrating that the Chief of Police had any personal involvement with Plaintiff's arrest, detention, or prosecution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation."). Consequently, in the alternative, the cause of action

5

against Defendant Citty should be dismissed without prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

IV. Statute of Limitations

Even if Plaintiff's claims are not barred by Heck, the applicable statute of limitations bars judicial review of the merits of his claims. For section 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury suits is applicable. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998).

The statute of limitations in a 42 U.S.C. "§ 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. at 397. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999)("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.")(internal quotation marks and citation omitted).

Plaintiff alleges he was arrested and detained on the burglary charge in May 2012.[2] In this case, it is "clear from the face of the complaint that there are no meritorious tolling

---

[2]This allegation is made on pages 2 and 4 of the Complaint. On page 3, Plaintiff alleges inconsistently that Defendant Wyatt prepared the probable cause affidavit on "5-27-13." However, Plaintiff also alleges that a preliminary hearing was conducted in August 2012 and a trial on the burglary charge was conducted in April 2013. Therefore, the date provided on page 3 of the Complaint is considered an inadvertent mistake.

6

issues."³  Hence, Plaintiff's claims are time-barred because they were filed more than two years after Plaintiff's arrest and detention, which is the date on which he became aware of the facts supporting his § 1983 claims.

Under these circumstances, the action may be dismissed *sua sponte*. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009).  See Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995)(holding district court may "consider affirmative defenses sua sponte" for the purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed")(quotations and alterations omitted).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE as barred by Heck, supra and for failure to state a claim for relief as to Defendant Citty.  Alternatively, it is recommended that the cause of action be dismissed with prejudice as barred by the applicable statute of limitations. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___September 18th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would

---

³Plaintiff's Complaint provides no allegation or evidence to support the application of Oklahoma's limited tolling exceptions. See Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004).

7

waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  29th  day of  August , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE