IN THE UNITED STATES DISTRICT COURT FOR

**FILED**

OCT - 6 2014

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ ,DEPUTY

THE WESTERN DISTRICT OF OKLAHOMA

MILTON ALLEN DEWBERRY,           )
                                 )
            Plaintiff,           )
                                 )
vs.                              )            No. CIV-14-592-W
                                 )
DEVIN WYATT et al.,              )
                                 )
            Defendants.          )

## ORDER

On August 29, 2014, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the action be dismissed without prejudice. Plaintiff Milton Allen Dewberry, appearing pro se, was advised of his right to object to the Supplemental Report and Recommendation, see Doc. 12 at 7, but no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. Magistrate Judge Purcell conducted the preliminary screening required by title 28, section 1915A(a) of the United States Code because Dewberry is seeking redress under title 42, section 1983 of the United States Code from an officer or employee of a governmental entity. Based upon that screening as well as the screening demanded by title 28, section 1915(e)(2) of the United States Code, Magistrate Judge Purcell recommended that the matter be dismissed without prejudice. Dewberry's cause of action not only is barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), but also is untimely. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Beck v. City of Muskogee Police Department, 195 F.3d 553, 558 (10th Cir.

1999); 12 O.S. § 95(A)(3). The Court further finds that Dewberry's complaint fails to state a plausible claim for relief against defendant Williams Citty. E.g., Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)(individual liability under section 1983 must be based on personal involvement in alleged constitutional violation).

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 12] issued on August 29, 2014; and

(2) DISMISSES this action without prejudice.

ENTERED this _6th_ day of October, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE